**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Carlos MARTINEZ, Defendant-Appellant.**

**No. 16856.**

United States Court of Appeals
Seventh Circuit.

June 26, 1969.

Ronald Alwin, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., David R. MacKenzie, Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before KILEY, SWYGERT and KERNER, Circuit Judges.

SWYGERT, Circuit Judge.

This case presents the issue whether a federal district court has the power and duty to conduct a hearing regarding the constitutional validity of a prior narcotics conviction which a defendant seeks to exclude from the record for the purposes of his sentencing as a second offender as provided for under 21 U.S.C. § 174.

The instant suit commenced with the return of a one-count indictment on November 14, 1967, charging the defendant, Carlos Martinez, with facilitating the transportation of approximately 2000 grams of heroin in violation of 21 U.S.C. § 174. The defendant was arraigned on December 6, 1967, and a plea of guilty was entered to the charges in the indictment. At that time, the Government, pursuant to 26 U.S.C. § 7237(c) (2),[1] introduced a certified copy

---

1. Section 7237 provides in part:

    (2) Procedure.—After conviction (but before pronouncement of sentence) of any offense the penalty for which is provided in subsection (a) or (b) of this section, subsection (c) or (h) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he

of the defendant's previous conviction of a violation of the United States narcotics laws. This document recited a prior conviction based on the defendant's plea of guilty in 1956 before the United States District Court for the Southern District of Florida and the two-year sentence imposed by the court. Additionally, this document indicated on its face the fact that the defendant had been represented by counsel in the Florida proceeding. As a result of introduction of this prior conviction, the district judge was denied discretion to impose a five-year minimum sentence and the defendant was given the minimum mandatory ten-year sentence without parole.[2]

The defendant moved to strike from the record the certified copy of his prior conviction on the ground that his plea was involuntarily entered in violation of the fifth amendment. In support of the motion the defendant filed his affidavit and a brief. The defendant also requested leave to obtain a transcript of the proceedings before the Florida district court and other evidence relevant to a determination of the voluntariness of his plea. A full hearing on the voluntariness question was sought. On February 9, 1968, the district court heard oral argument and refused the defendant's request to strike the prior conviction from the record on the ground that the judge did not believe he had the authority or jurisdiction to grant the motion. It is this ruling of the district court which is before us upon appeal.

From the defendant's uncontroverted affidavit and the transcript of the prior Florida proceedings, it appears that on March 16, 1956, the defendant appeared before the Honorable Emett C. Choate,

United States District Judge, for the Southern District of Florida for arraignment on a two-count information that charged him with selling, dispensing and distributing a narcotic drug, and with purchasing and possessing a narcotic drug in violation of 26 U.S.C. §§ 4704 and 4704(a). Upon the court's determination that the defendant lacked funds to retain counsel, the court entered an order appointing counsel for him.

The defendant, by affidavit, states that he was not guilty of the Florida charge, although he admits being addicted to the use of narcotics during this period. He further avers that as a Spanish-speaking citizen he required the assistance of an interpreter at the 1956 Florida proceedings. As a result of this language barrier, the defendant spoke with his court-appointed attorney through an interpreter who spoke very poor Spanish. According to the defendant, his lawyer did not explain the law to him or advise him of his right to a jury trial. Initially, his lawyer advised the defendant to plead not guilty, but following a brief conference with some other individual, the lawyer returned and represented to the defendant that if he would plead guilty, he would receive treatment for his narcotic addiction. Although he still maintains his innocence, the defendant asserts that he pleaded guilty solely because he was undergoing withdrawal symptoms and was promised treatment. According to the defendant's affidavit, the trial judge did not question him concerning any promises or representations made to him in exchange for the plea of guilty as to one count of the information. Following his

denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted. If the offender is found by the jury to be the person previously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in subsection (a) or (b) of this section, subsection (c) or (h) of such section 2, or such Act of July 11, 1941, as amended, as the case may be.

2. The ten-year minimum sentence is required by 21 U.S.C. § 174:
 * * * For a second or subsequent offense (as determined under section 7237 (c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

plea of guilty and imposition of the two-year sentence, the defendant was transported to Lexington, Kentucky, for hospitalization and to serve his sentence.

The appellant's argument is grounded on the premise that a constitutionally invalid prior conviction cannot be used to enhance a sentence imposed under 21 U. S.C. § 174. To support this position the appellant relies on the due process clause of the fifth amendment as recently interpreted by the Supreme Court in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In that case the defendant was convicted by a jury of assault with intent to commit murder in a state court trial. A Texas habitual offender statute allowed the prosecution to introduce evidence of the defendant's four prior felony convictions. Among these was a certified copy of a Tennessee conviction which on its face raised a presumption that the defendant had been denied his right to counsel, and thus the prior conviction was void in light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In reversing his conviction, the Court stated the following principle:

> To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case. Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

■ We view the *Burgett* rationale, although involving a denial in the previous state court conviction of the sixth amendment right to counsel set forth in *Gideon*, as directly analogous to the instant facts. Here it is contended that the previous conviction was tainted by a denial of the defendant's fifth amendment right to due process as well as his right to the effective assistance of counsel provided by the sixth amendment. In both *Burgett* and the case before us, a prior conviction was utilized to enhance the defendant's punishment through invocation of an applicable mandatory subsequent offender provision that could not have been used but for the prior conviction. In both *Burgett* and the instant case, the prior conviction was alleged to have been obtained in violation of a fundamental federal constitutional right.

The Government's position is that the *Burgett* rationale is inapplicable to the instant case because the constitutional invalidity discussed in *Burgett* appeared on the face of the record, whereas, here, no such defect appears. This argument admits the defendant's contention that the district court did have the power to strike from the record a constitutionally invalid prior conviction for purposes of sentencing a second offender. The Government admits that if absence of counsel at the prior proceeding were manifest on the face of the record, the district court could strike the prior proceeding from the present record. We are unable to accept the Government's proffered distinction between invalidity on the face and latent invalidity as a qualification on the district court's power to strike. If the district court has the power to strike invalid prior convictions, it is only fundamental that the same court with its inherent fact finding power and incidental power to conduct hearings can determine which prior convictions are invalid.

■ In our opinion the Government's contention that the district court lacked the power to strike the defendant's prior conviction from the record and to hold a hearing to determine the constitutional validity thereof must fall in light of *Burgett's* rationale and the fundamental power of federal courts to establish rules of evidence and hold hearings incident to implementation of exclusionary rules. The application of exclusionary rules through court hearings has been repeatedly recognized and exercised. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914) (illegally seized evidence); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819 (1943) (statements of the accused); Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176

(1969) (illegal electronic eavesdropping). The Government relies on Burton v. United States, 272 F.2d 473 (9th Cir.1959), cert. denied, 362 U.S. 951, 80 S.Ct. 863, 4 L.Ed.2d 869 (1960) to support its position that federal courts are not empowered to strike prior convictions. We view the *Burton* case in light of the Supreme Court's subsequent decision in *Burgett* to be necessarily limited to valid prior convictions. It is our conclusion that the district court has the power to conduct a hearing to ascertain the constitutional validity of a prior conviction which the Government attempts to introduce for the purpose of enhancing punishment.

■ The Government's alternative argument is that the defendant's affidavit failed to raise detailed facts sufficient to require the district court to hold a hearing to determine the constitutionality of the defendant's prior conviction. The Government relies principally on Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) and Oliver v. United States, 398 F.2d 353 (9th Cir.1968) to support its position that the defendant's allegations were vague and conclusory. Our examination of *Machibroda* indicates that the defendant here was entitled to a hearing. In both cases the defendant's contention was that his plea had been coerced by a promise. A hearing was sought in each case on the basis of the defendant's affidavit alone. The affidavit here raises facts in sufficient detail to require a hearing to determine whether the defendant's plea was "induced by promises * * * which deprive it of the character of a voluntary act." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). We find that the specificity requirements of the *Oliver* case are likewise met by the Martinez affidavit.

The defendant has alleged that at the time he entered his plea of guilty he was under the influence of heroin and was suffering from withdrawal symptoms. On similar facts it has been held that a guilty plea based on a confession obtained while the defendant is suffering from withdrawal symptoms was not voluntary. United States ex rel. Collins v. Maroney, 287 F.Supp. 420 (E.D.Pa. 1968). The entry of a plea of guilty while under the influence of narcotics which is alleged in this case is potentially more substantial error, since "entry of a plea of guilty demands even more stringent safeguards than are required for confessions." United States ex rel. Codarre v. Gilligan, 363 F.2d 961, 966 (2d Cir.1966). For the same reasons, the allegation that the defendant was promised treatment for his addiction raises due process considerations.

The case is remanded for a hearing to determine the validity of the defendant's prior conviction.

KERNER, Circuit Judge.

I concur in the fine opinion by my Brother Swygert. I only wish to express my regret over the law's failure to afford us a better remedy for the situation before us.

Where the alleged defect in a prior conviction is apparent from the face of the record and/or the transcript, there is no problem in having the local district court determine the validity of the prior conviction. However, where, as here, the alleged defect does not appear on the face of the record or transcript or where, also as here, the transcript has been destroyed in the ordinary course of court business, the problem becomes one which requires a full evidentiary hearing. It is then that it becomes regrettable that we are apparently without the power to transfer the case back to the district in which the trial was held to have such a hearing. This is especially true here where witnesses must be transported to Chicago from Florida. The Government's suggestion that Martinez proceed in Florida in *coram nobis* is impractical both because it would multiply the proceedings and because an indigent would not be required to be afforded counsel in such a proceeding.