426 F.2d 868
 Rudolph Robert CAPITOLI, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.
Gerald Joseph CARUSIELLO, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.
 No. 28785.
 No. 28818. Summary Calendar.
 United States Court of Appeals, Fifth Circuit.
 May 26, 1970.
 
 Rudolph Robert Capitoli, pro se.
 Harvey S. Swickle, Miami Beach, Fla., Anna R. Levin, Chicago, Ill., for petitioner-appellant Gerald Carusiello.
 Earl Faircloth, Atty. Gen., Charles W. Musgrove, Asst. Atty. Gen., of Florida, West Palm Beach, Fla., for respondent-appellee.
 Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals are taken from a single order of the District Court denying the appellants' identical petitions for the writ of habeas corpus. The appellants were tried and convicted as codefendants for the offense of robbery in Broward County, Florida, on April 22, 1965. Each was sentenced to a seventy-five year term of imprisonment. Since the appeals from the denial of the appellants' petitions for the writ of habeas corpus involve the same questions of law and fact, the cases are hereby ordered consolidated.
 
 
 2
 The only issue presented on these appeals[1] is whether the state trial court wrongfully denied the appellants' motion to suppress evidence claimed to be the product of an unlawful arrest, search, and seizure. The court below held that the motion was properly denied. We affirm.[2]
 
 
 3
 The District Court denied the appellants' petitions without a hearing, basing his findings of fact on the state court record. Our study of the transcript of the hearing on the motion to suppress convinces us that the District Court's findings are fully supportable in the record. The facts, as drawn from the District Court's unreported order, are these:
 
 
 4
 "Just before midnight on April 10, 1964, Sergeant William E. Brady of the Fort Lauderdale, Florida Police Department received a report of an armed robbery in a Fort Lauderdale residential area. He learned that the two robbers were dressed in black, that one was slightly taller than the other, and the modus operandi of the crime. Brady also knew that the victim's Cadillac was stolen after the robbery.
 
 
 5
 "Brady's car was parked with the motor running and the lights out, facing south at the corner of South Federal Highway and Eighteenth Court in Fort Lauderdale. He observed a Pontiac go by him and thought he heard somebody say, `There is Brady.' He recognized a passenger to be Carusiello. He was aware that the modus operandi of the breaking and entering had been similar to the type previously used by Carusiello, as described in a police information bulletin. He was also aware of approximately where Carusiello lived and knew that the Pontiac he observed was at a point between the location of the robbery and Carusiello's home.
 
 
 6
 "Brady turned on his headlights and proceeded after the Pontiac, planning to stop it. As he pulled out, the vehicle accelerated quickly and ran a stop sign at a high rate of speed. The officer then observed something being thrown from the right side of the car. Brady did not turn on his police siren or red light until after the package had been thrown out of the window. Upon stopping the vehicle, Officer Brady recognized Capitoli.
 
 
 7
 "The trial judge granted a motion to suppress as to all evidence seized from within the car Capitoli and Carusiello were driving when they were arrested. He refused to suppress the evidence recovered from the bundle tossed from the car during Officer Brady's pursuit. The suppression of the evidence seized from the car was granted because of the remoteness of the search of the impounded vehicle and did not turn on the legality to the petitioners' arrests. * * * All that remains to be decided herein is whether the trial judge correctly refused to suppress the contraband evidence received from the discarded bundle."
 
 
 8
 Capitoli v. Wainwright, No. 69-643-Civ-WM, with, Carusiello v. Wainwright, No. 69-817-Civ-WM (S.D.Fla., Sept. 11, 1969).
 
 
 9
 The appellants challenge the seizure of the bundle thrown from the car on the ground that they were placed under "constructive" arrest immediately upon being followed by Officer Brady, and presuming the arrest to be illegal, the parcel thrown from the window was inadmissible. The appellants argue that the circumstances surrounding the pursuit and the seizure of the parcel are similar to those in Fletcher v. Wainwright, 399 F.2d 62 (5th Cir. 1968). In Fletcher, this court held that if evidence is thrown from a window as a direct result of an illegal entry, the evidence is inadmissible, for in such a case it could not be said that there was a voluntary abandonment of the evidence.
 
 
 10
 The question is, therefore, whether Officer Brady was properly in pursuit, i. e., whether he was in possession of sufficient facts to constitute probable cause to attempt to stop the appellants. We conclude that he did. Fletcher is therefore distinguishable.
 
 
 11
 We believe this case is controlled by Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968): "Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence". Id. at 236, 88 S.Ct. at 993 (emphasis added); cf. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960). In light of the information he received, his own personal knowledge, and the additional suspicious activities of the appellants, Brady had more than enough facts to warrant a prudent police officer to pursue and arrest. In this posture, the evidence thrown from the car was not tainted, as it was in Fletcher, by an illegal entry. Indeed, there was no entry at all until, at the earliest, the car was stopped. Prior to that time Brady's pursuit was primarily to enable him to investigate activity which he had reason to believe was criminal. See Schook v. United States, 337 F.2d 563 (8th Cir. 1964); Carter v. United States, 231 F.2d 232 (5th Cir. 1956). The instant case involves a situation comparable to one in which an officer in the course of routine investigation, and before an arrest is made, observes the person detained discard an object later sought to be admitted as evidence of a crime. This court has held that in such a case, the evidence is admissible. Moore v. United States, 296 F.2d 519 (5th Cir. 1961).[3]
 
 
 12
 We hold that the evidence retrieved from the street was not the product of an illegal arrest, search, and seizure. The judgment below is accordingly
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 In the court below, the appellants also contended that certain remarks made by the prosecuting attorney to the jury in his closing argument were prejudicial and violative of their constitutional rights. The contention is not pursued in this court, and it is held abandoned. Rule 28, FRAP; Clay v. Southern Ry., 284 F.2d 152 (5th Cir. 1960)
 
 
 [2]
 Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that these cases are of such character as not to justify oral argument and have directed the clerk to place each case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969); Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969)
 
 
 [3]
 See also Grier v. United States, 345 F.2d 523 (9th Cir. 1965); Vincent v. United States, 337 F.2d 891 (8th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965); Burton v. United States, 272 F.2d 473 (9th Cir.), cert. denied, 362 U.S. 951, 80 S.Ct. 863, 4 L. Ed.2d 869 (1960); Haerr v. United States, 240 F.2d 533 (5th Cir. 1957); Flores v. United States, 234 F.2d 604, 605 n. 1 (5th Cir. 1956)