Delia CANCEL, on behalf of herself and on behalf of her infant children, Luis Cordero, Gloria Cordero, Bruniidia Cordero, Chester John Cordero, Anna Delia Cordero, and Jesus Santana, Plaintiffs,

v.

George K. WYMAN, individually and as Commissioner of the Department of Social Services of the State of New York, and Jack R. Goldberg, individually and as Commissioner of the Department of Social Services of the City of New York, Defendants.

No. 70 Civ. 2359.

United States District Court,
S. D. New York.

Aug. 24, 1970.

John DeWitt Gregory, Community Action for Legal Service, New York City, by John Falk, John C. Gray, Jr., New York City, of counsel, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, by Samuel A. Hirshowitz, A. Seth Greenwald, New York City, of counsel, for defendant Wyman.

J. Lee Rankin, Corporation Counsel, New York City, by Jay A. Kranis, Leonard Bernikow, New York City, of counsel, for defendant Goldberg.

MEMORANDUM

COOPER, District Judge.

This action challenges the validity of New York State Department of Social Services Regulation 353.3(a) (2) (i) on the grounds that such regulation is contrary to 45 C.F.R. § 203.1, a regulation propounded by the United States Department of Health, Education and Welfare, and further, upon the ground that such state regulation violates plaintiff's Fourteenth Amendment rights to due process and equal protection of the laws. Declaratory and injunctive relief is sought pursuant to 42 U.S.C. § 1983. Jurisdiction is present under 28 U.S.C. § 1343(3) and (4).

Plaintiff now moves for the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284, for a temporary restraining order pursuant to 28 U.S.C. § 2284 enjoining defendants, Commissioners of the Department of Social Services of the State of New York and of the City of New York, for enforcing 18 N.Y. C.R.R. § 353.3(a) (2) (i) so as to deny plaintiffs and all others similarly situated public assistance benefits to which they would otherwise be entitled, and for an order determining that this action may be maintained as a class action pursuant to Rule 23, F.R.Civ.P. Defendants in opposition move separately for dismissal of the complaint.

Mrs. Cancel brings this action on behalf of her six infant children named herein. Her present husband (Mr. Cancel) is the non-adopting stepfather of these children; they are recipients of Aid to Families with Dependent Children (AFDC) (public assistance benefits).

Prior to her marriage to Mr. Cancel, plaintiff received AFDC payments in the

amount of $191.75 semi-monthly. On learning of her marriage, defendant Commissioner Goldberg lowered her AFDC payments to $117 (now $134.95 semi-monthly as a result of recent general increases) in accordance with 18 N.Y.C. R.R. § 353.3(a) (2) (i) which by its terms requires defendant to apply available resources of a stepparent to the needs of his stepchildren.[1]

### Three-Judge Court Requirements

 The single district judge before whom an application is made to convene a three-judge court must determine whether a substantial question has been raised with respect to the constitutionality of a state statute, whether the complaint sets forth a basis for equitable relief and whether the other requirements for a three-judge court are met. See Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). Unless plaintiff carries her burden in this regard, a three-judge court must be denied.

### Substantiality of the Constitutional Question

If the complaint fails to raise a substantial constitutional question with respect to the state regulation here in issue, a three-judge court must be denied. Moreover, if plaintiff's further contention that the state regulation is contrary to federal regulations and thus invalid lacks substantiality, then this action must be dismissed in its entirety. See Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). The Supreme Court has stated that "[t]he lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject." California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938).

In rejecting the view "that, except in 'an open and shut case,' it is better to 'constitute a 3-Judge Court, and allow that court to determine initially' whether it should have been constituted," our circuit has stated:

An occasional reversal because a court of appeals will disagree with respect to the substantiality of the question is far less wasteful of judicial resources. * * * the best course of this circuit is for single district judges to continue conscientiously to pass upon the substantiality of constitutional attacks on the state statutes * * * and, where this court unanimously agrees that the attack is without merit, for us not to be finical on whether the lack of merit was obvious. Heaney et al. v. Allen et al., 426 F.2d 869 (2d Cir. 1970). (Citations omitted.)

### Equal Protection

Plaintiff claims first that this New York regulation, which assumes that a stepfather's income will be made available for support of any stepchildren to the same extent as natural children, denies equal protection of the laws to children living with stepparents. Plaintiff argues that "this assumption creates two classes among those children otherwise eligible for AFDC benefits (1) those children who have stepparents who do not contribute to their support and receive either no benefits or reduced benefits depending on the size of stepparents' income, (2) those other children who are supported at the higher level required by law." Plaintiff's Memorandum of Law, June 10, 1970, p. 9.

These same "classifications" might apply to natural children as well; children of those who obey the law are better off than those deprived illegally by their parents. Plaintiff acknowledges that "the same possibility of the enforcement of support orders exists in New York not

1. 18 NYCRR § 353.3(a), (2) (i) provides in relevant part:

All available and unrestricted income of an applicant or recipient and of the spouse, if in the home, including support payments required to be made

by a parent pursuant to an order of the family court or other appropriate court, shall be prorated and applied against the needs of the applicant, the spouse and the minor children of either or both.

only against natural fathers, but also against stepparents under Social Services Law § 101 and Family Court Act § 415." *Id.* at 11.

Stepchildren are not discriminated against. Modification of assistance takes place equally for all AFDC children if they have other resources available to them. Plaintiff's attempted reliance upon the lower court decisions in Smith v. King, 277 F.Supp. 31 (M.D.Ala.1967), aff'd on other grounds, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), is misplaced. In *King*, the "substitute father" was not legally obligated to support the supposed "substitute child." The court held that the state may not deal with the immoral conduct of the mother by flatly denying AFDC assistance to the otherwise eligible dependent children. To hold otherwise would be to engage in brutal thinking; it would deny the very fundamentals of physical existence to innocent children born of parents either or both of whom is devoid of bare elementary standards (including a sense of responsibility) which are absolute imperatives of civilized deportment.

■ Here, in contrast, the State does not reduce AFDC benefits because of criteria irrelevant to the purpose of the act, but because of the actual presence in the home of the applicant, a recipient of aid, of a breadwinner legally obligated, if of sufficient financial means, to support in whole or part his stepchildren should they either become a recipient of public assistance or liable to be in need thereof. See 18 N.Y.C.R.R. 353.3(a) (2) (i); 29A Family Court Act § 415; 52A Social Service Law, McKinney's Consol. Laws, c. 55, §§ 101, 101–a, 102. There is nothing before us even to indicate that the State's regulation is not grounded on a rational basis and free from invidious discrimination. See Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

■ Plaintiff further contends that the State regulation in question "discriminates against the poor in relation to their constitutional right to marry and maintain a family relationship." Like-

wise, this argument, too, must be rejected.

We find the holding of the Supreme Court in *Dandridge, supra,* reviewing a state's maximum AFDC grant legislation, closely in point and equally applicable here:

> We do not decide today that the Maryland regulation is wise, that it best fulfills the relevant social and economic objectives that Maryland might ideally espouse, or that a more just and humane system could not be devised. Conflicting claims of morality and intelligence are raised by opponents and proponents of almost every measure, certainly including the one before us. But the intractable economic, social, and even philosophical problems presented by public welfare assistance problems are not the business of this Court. The Constitution may impose certain procedural safeguards upon systems of welfare administration. But the Constitution does not empower this Court to second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients. [citations omitted] 397 U.S. at 487, 90 S.Ct. at 1162–1163.

See also Lewis v. Stark, 312 F.Supp. 197 (N.D.Cal.), rev'd sub nom. Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970).

### Due Process

■ Plaintiff's final constitutional argument is that New York's conclusive presumption that a stepparent's income is actually made available to a stepchild violates the due process clause of the Fifth and Fourteenth Amendments. Due process requires of any presumption that there be a rational connection between the fact proved and the fact inferred. See Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); Western & A. R. Co. v. Henderson, 279 U.S. 639 (1929); Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958). Such a connection surely exists

here where the fact established is that there is a stepfather in the home with income, of sufficient ability, and legally obligated to support his stepchildren who otherwise would be in need of public assistance.

■ Although these contentions may originally have raised sufficiently substantial constitutional questions to necessitate a 3-Judge Court to consider California's regulation governing both man in the house and stepparent provisions, they do not, in the context of what confronts us here, warrant our convening a 3-Judge panel. See *Lewis, supra,* dismissing constitutional claims, rev'd on other grounds, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561.

### Conflict with HEW Regulation

It is also plaintiff's position that this state regulation is invalid as contrary to established HEW Regulation 45 C.F.R. § 203.1 which provides in pertinent part:

A state plan for aid and services to needy families with children * * *

must provide that the determination whether a child has been deprived of parental support * * * will be made only in relation to the child's natural or adoptive parent, or in relation to a child's stepparent who is ceremonially married to the child's natural or adoptive parent and is legally obligated to support the child under state law of general applicability which requires stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children.

■ This HEW regulation contemplating potential reduction of benefits by empowering the state to consider stepparent support was upheld in *Lewis, supra,* at 563, 90 S.Ct. 1282. However, plaintiff insists that the state regulation does not comply with the above provision in that the state statutory scheme creating the legal obligation of the stepparent to support, 29A Family Court Act § 415; 52A Social Services Law §§ 101, 101a, 102,[2] is not a "law of general applicabil-

---

2. Family Court Act § 415:

"*Duties to support recipient of public assistance or welfare and patients in institutions in the department of mental hygiene*

The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof or of a patient in an institution in the department of mental hygiene, if of sufficient ability, is responsible for the support of such person or patient, provided that a parent shall be responsible only for the support of his minor child. In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means. Step-parents shall in like manner be responsible for the support of minor children."

Social Services Law § 101:

"*Liability of relatives to support*

The spouse or parent of a recipient of public assistance or care or of a person liable to become in need there-

of shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a minor child. Step-parents shall in like manner be responsible for the support of minor step-children."

Social Services Law § 101-a:

"*Proceedings to compel support by persons in need thereof*

A recipient of public assistance or care or a person liable to become in need thereof may bring proceedings in a court of competent jurisdiction against any person responsible for his or her support as provided in section one hundred one of this chapter to compel any such person so responsible to provide for or contribute to such support."

Social Services Law § 102:

"*Powers of public welfare officials to bring and defend suits*

A public welfare official responsible, by or pursuant to any provision of this chapter, for the administration of the public assistance or care granted or applied for is empowered to bring proceedings in a court of competent jurisdiction.

ity." Plaintiff's Memorandum of Law, June 10, 1970, pp. 4–9.

Although it appears to us that these New York State sections satisfy the HEW regulation, an order entered June 22, 1970 (no supporting opinion) by the 3-Judge Ninth Circuit panel in *Lewis*, after remand from the Supreme Court, gives us pause. That order enjoined the operation of a very similar California stepparent provision, and seemingly reflects that court's adoption of a contrary position. In light thereof we cannot conclude that the federal question of compliance with the HEW regulation is so unsubstantial as to warrant outright dismissal of this portion of plaintiff's complaint.

### Exhaustion of Administrative Remedies

■ Defendants assert that this Court should not accept jurisdiction over plaintiff's application because of the availability of both state administrative or judicial remedies. The short answer to this contention is that the present posture of this litigation is closely analogous to that of *Lewis*, where the same argument was raised and apparently rejected by the majority. 397 U.S. at 563, 90 S. Ct. 1282 (Burger, C. J., dissenting) and at 560, 90 S.Ct. 1282 (Black, J., dissenting). See also Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967).

### Temporary Restraining Order

■ Plaintiff, at this time, seeks a temporary restraining order enjoining the operation of the state regulation pending full determination of the merits at trial. This application, pursuant to 28 U.S.C. § 2284(3) may be granted only upon a showing of "irreparable damage." We find plaintiff has failed to satisfy this prerequisite for the relief she seeks; her status entitles her to sufficient compensating benefits to offset any loss sus-

tained by the continued operation of the State regulation. See Affidavit of Sidney K. Lane, June 15, 1970, pp. 3–5; Affidavit of A. Seth Greenwald, July 6, 1970, p. 2.

### Class Action

■ Rule 23(c), F.R.Civ.P. provides that "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." For the uncontested reasons set forth in Plaintiff's Memorandum of Law, June 10, 1970, pp. 20–22, we find that the criteria of Rule 23(a) and (b) are fully satisfied, and that this action should proceed as a class suit representing all recipients of public assistance benefits who have suffered a reduction of payments by operation of 18 N.Y.C.R.R. § 353.3(a) (2) (i). See e. g. 3B Moore's Federal Practice ¶ 23.01 [10.–2] (2d ed. 1969). The litigants are instructed to attempt to reach an accommodation as to a proposed form of notice complying with Rule 23 (d), F.R.Civ.P., Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564–565 (2d Cir. 1968), to be submitted to this court within ninety (90) days from the date of this order. If the parties are unable to agree upon the method and content of notice, each is to submit a proposed form of notice and such papers as necessary to support its position.

### Conclusion

For the reasons set forth above we (a) deny plaintiff's application for the convening of a 3-Judge court on the basis that no substantial constitutional question is raised, and accordingly dismiss plaintiff's constitutional claims; (b) deny defendants' motion to dismiss that portion of the complaint alleging a federal question claim—variance between state and HEW regulations; (c) deny plaintiff's request for a temporary re-

1. to compel any person liable by law for support to contribute to the support of any person cared for at public expense, or person liable to become so dependent. A bond may be required of such person liable for support to indemnify the public welfare district against the cost of the support of such person; * * *."

straining order; (d) and order this action to proceed as a class suit provided a proposed form of notice (as set out hereinabove) is submitted ninety (90) days from the date of this order.

So ordered.