UNITED STATES of America, Plaintiff-Appellant,

v.

Ira O'NEAL, Defendant-Appellee.

No. 76–1043.

United States Court of Appeals, Ninth Circuit.

Sept. 30, 1976.

As Amended on Denial of Rehearing and Rehearing En Banc Jan. 10, 1977.

Lawrence Edelman, Asst. U.S. Atty. (argued), San Francisco, Cal., for plaintiff-appellant.

Bill Goodman, Asst. Federal Public Defender (argued), San Francisco, Cal., for defendant-appellee.

Before CARTER, LAY * and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellant asks that we overrule or distinguish this court's recent decision in *United States v. Pricepaul,* 540 F.2d 417 (9th Cir., 1976, as modified Aug. 9, 1976). There, we held that a prior state conviction obtained in violation of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), cannot be used to establish a federal firearms violation.[1] We decline appellant's invitation and affirm.

Defendant-appellee, indicted on two counts of federal firearms violations, moved to strike the evidence of a prior felony on the ground that the predicate conviction was obtained unconstitutionally. Count I alleges that O'Neal made a false statement in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).[2] Count II alleges that he violated 18 U.S.C. App. § 1202(a),[3] possession of a firearm by a convicted felon.

In 1948, defendant pleaded guilty in district court to a felony, importation of marijuana. Although the record of his conviction remains, all government notes and materials concerning the 1948 proceeding have been destroyed.

In March 1974, O'Neal purchased a high powered 9mm Browning pistol in Oakland, California. In connection with that purchase, O'Neal averred on Internal Revenue Service Form 4473 that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year.

Following the indictment filed in August 1975, defendant moved to strike the prior felony conviction. O'Neal's supporting affidavit asserts that he was not represented by counsel, not advised of his right to counsel, not informed of the nature of the charge against him, and not advised of the consequences of his plea in the 1948 proceeding.

At the hearing on defendant's motion in October 1975, O'Neal testified to the circumstances surrounding his 1948 guilty plea. Based on O'Neal's uncontroverted showing that a necessary element of the appellant's affirmative case, the 1948 felony conviction, was constitutionally infirm, the district court properly granted the motion to strike the prior conviction and dismissed the indictment prior to trial.

AFFIRMED.

not consider that the doctrine is an issue in connection with this appeal.

* Honorable Donald P. Lay, United States Circuit Judge of the Eighth Circuit, sitting by designation.

1. In *Pricepaul, supra,* we made clear that no different result is intended when the prior conviction is constitutionally invalid on right to counsel grounds, because "the [substantive] rights protected by [the *Boykin* rule] are of similar importance to the integrity of the judicial guilt-determination process as the right to counsel, . . ." Order Modifying Slip Opinion of March 29, 1976 at 2 (Aug. 9, 1976); *see, e. g., Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1969).

2. The statute provides in relevant part:
"(a) It shall be unlawful—

    . . . . .

"(6) for any person in connection with the acquisition . . . of any firearm or ammunition from a . . . licensed dealer . . . knowingly to make any false or

fictitious oral or written statement . . . intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter."

3. The statute provides in relevant part:
"(a) Any person who—
"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony

    . . . . .

"(5) . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."
The government now concedes that the invalidity of the 1948 conviction precludes defendant's prosecution under this provision of the statute.