**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hughes Anderson BAGLEY, Defendant–Appellant.**

No. 87–3922.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 8, 1987.

Submitted Dec. 11, 1987.

Decided Jan. 13, 1988.

Hughes Anderson Bagley, Jr., pro per.

Jo Ann Oliver (argued), Asst. Fed. Defender, Seattle, Wash., for defendant-appellant.

Mark N. Bartlett, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, ANDERSON and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

### INTRODUCTION

Hughes Anderson Bagley appeals from the district court's denial of his section 2255 motion to vacate his sentence for five firearms convictions under 18 U.S.C. §§ 922(a)(1), 922(h), and 18 U.S.C.App. 1202(a). Four of the five convictions were for a felon possessing firearms and felon in receipt of firearms, offenses based upon his previous conviction of a narcotics felony. Following the firearms convictions, the predicate felony narcotics conviction was vacated for constitutional infirmity. *Bagley v. Lumpkin*, 798 F.2d 1297 (9th Cir.1986).

In this section 2255 motion, Bagley has contended that because his felony narcotics conviction was vacated, it could not serve as the predicate for his subsequent four firearms convictions as a felon. He therefore seeks a collateral order vacating those convictions. For the same reason, *i.e.*, the infirmity of the narcotics conviction, he argues that his now-vacated felony narcotics conviction should not have been available for impeachment purposes in the trial leading to the fifth conviction for dealing in firearms without a license, and thus that we must vacate this fifth firearms conviction as well.

Bagley's principal contention is that we must collaterally vacate the firearms convictions for lack of a valid predicate. In 1980, the Supreme Court considered and rejected a similar contention in *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In *Lewis*, the Court held that a conviction as a felon in possession of firearms is not invalid as a result of a successful attack on the predicate conviction. We have held, however, that the *Lewis* decision will not apply retroactively in this circuit. *United States v. Goodheim*, 651 F.2d 1294 (9th Cir.), *reh'g denied*, 664 F.2d 754 (9th Cir.1981). Thus, since Bagley was convicted of the firearms violations in 1979, before the *Lewis* decision, the precise and principal issue he raises is whether his constitutionally invalid narcotics conviction can serve as the predicate for the firearms convictions under pre-*Lewis* Ninth Circuit precedent.

The district court considered this issue and, in a thoughtful published opinion, reviewed our pre-*Lewis* decisions. *United States v. Bagley*, 659 F.Supp. 223 (W.D. Wash.1987). It concluded that the controlling authority was *United States v. Liles*, 432 F.2d 18 (9th Cir.1970), which reached a result consistent with *Lewis*. We reverse because we conclude that controlling authority is found in our post-*Liles* decisions which distinguished *Liles* and upheld challenges similar to Bagley's. *See, e.g., McHenry v. California*, 447 F.2d 470 (9th Cir.1971); *United States v. Pricepaul*, 540 F.2d 417 (9th Cir.1976). The remaining conviction for dealing in firearms without a license must stand because it is not predicated upon the felony conviction; since Bagley did not take the stand during his trial, he cannot now claim that he would have been improperly impeached with his invalid conviction. Appellant is entitled to an order vacating four of his firearms convictions and to resentencing on the fifth.

## BACKGROUND

The facts are not disputed. In January 1978, Bagley was convicted of violating controlled substance laws and sentenced to six months imprisonment and five years probation. On July 10, 1979, Bagley was convicted of five counts of firearms violations—two counts under 18 U.S.C.App. § 1202(a) (felon in possession of firearms), two counts under 18 U.S.C. § 922(h) (felon in receipt of firearms), and one count under 18 U.S.C. § 922(a)(1) (dealing in firearms without a license, which does not require a prior felony conviction). The 1978 narcotics conviction was the predicate felony underlying the sections 922(h) and 1202(a) firearms charges. Bagley was sentenced to twelve years for the firearms violations.

In 1982, Bagley moved to vacate his 1978 narcotics conviction pursuant to section 2255 after he discovered that the Government had failed to reveal that the informants providing the only testimony on the narcotics charges were paid for their testimony. A month before trial, Bagley had requested that the Government disclose any exculpatory or impeachment information, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Despite Bagley's specific request concerning "any deals, promises or inducements made to witnesses" in exchange for their testimony, he did not learn that the informants each received $300 for their testimony until he filed a request under the Freedom of Information Act three years after his trial.

On November 10, 1983, this court reversed Bagley's conviction, holding that the Government's failure to provide requested information restricted Bagley's right to conduct an effective cross-examination, threatening his "right to confront adverse witnesses, and therefore, his right to a fair trial." *Bagley v. Lumpkin*, 719 F.2d 1462, 1464 (9th Cir.1983). On July 2, 1985, the United States Supreme Court reversed and remanded the case to the Ninth Circuit "for a determination whether there is a reasonable probability that, had the inducement offered by the Government to [the informants] been disclosed to the defense, the result of the trial would have been different." *United States v. Bagley*, 473 U.S. 667, 678, 105 S.Ct. 3375, 3385, 87 L.Ed.2d 481 (1985). On September 2, 1986, we concluded that the Government's *Brady* error undermined confidence in the outcome of

Bagley's trial and required reversal of his conviction. *Bagley v. Lumpkin*, 798 F.2d 1297, 1302 (9th Cir.1986). Thus, the underlying felony upon which the firearms convictions were predicated was vacated for constitutional error.

Bagley instituted these proceedings in 1984 to vacate his firearms convictions. Action was deferred pending resolution of the challenge to his narcotics conviction. The matter was then referred to Magistrate John Weinberg, who recommended that the court vacate Bagley's firearms convictions due to the vacation of the predicate narcotics conviction. The district court, however, rejected the magistrate's findings and recommendations. The district court held that the controlling Ninth Circuit law at the time of the firearms violations was consistent with *Lewis*, and therefore denied Bagley's section 2255 motion. 659 F.Supp. at 229. Bagley appeals to this court pursuant to 28 U.S.C. § 1291.

### The Pre–Lewis Issue

■ In 1980, the Supreme Court considered whether an uncounseled conviction could serve as a predicate for a section 1202(a)(1) firearms possession conviction and held that section "1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Lewis*, 445 U.S. at 65, 100 S.Ct. at 921. We subsequently held that *"Lewis* may not be applied retroactively in this circuit." *United States v. Goodheim*, 651 F.2d 1294, 1297 (9th Cir.), *reh'g denied*, 664 F.2d 754 (9th Cir.1981). Thus, Bagley's appeal requires that we determine how we would have decided Bagley's case before the Supreme Court decided *Lewis*.

This is not an issue of first impression in this circuit. We addressed the issue in *Goodheim* when we held that we would not apply *Lewis* retroactively. We there stated categorically that *"Lewis* effects a reversal of the law in this circuit," 651 F.2d at 1297. Relying on our prior decisions in *United States v. O'Neal*, 545 F.2d 85, 86 (9th Cir. 1976) and *United States v. Pricepaul*, 540 F.2d 417, 421–22 (9th Cir.1976), we accept-

ed as the pre-*Lewis* law of this circuit the proposition that a constitutionally infirm conviction cannot support a federal firearms conviction. *See* 651 F.2d at 1298.

The district court, in considering our cases prior to the Supreme Court's *Lewis* decision, rested its analysis upon the earlier case of *United States v. Liles*, 432 F.2d 18 (9th Cir.1970). It concluded that the result in *Liles* was consistent with the result in *Lewis* and that *Liles* therefore was controlling.

*Liles*, however, must be read in light of our subsequent interpretation of its holding. In *Liles*, the defendant was convicted of violating 18 U.S.C. § 1202(a)(1), possession of a firearm by a convicted felon. Liles' predicate felony conviction was later reversed, and he then challenged his firearms conviction on the ground that Congress had not intended to punish as a felon under the federal firearms statute one whose status changed after conviction. This circuit upheld the firearms conviction, noting that, "Liles' possession of the revolver was unlawful for one of his status at the time he possessed it. It is not made lawful by the subsequent reversal of his conviction." 432 F.2d at 21. We stressed the language of the statute in determining congressional intent.

The year following *Liles*, we decided *McHenry v. California*, 447 F.2d 470 (9th Cir.1971). There, the defendant sought federal habeas relief from his California state court conviction for possession of a concealed weapon by a convicted felon under Cal. Penal Code § 12021. McHenry contended that the felony upon which the firearms conviction was based was constitutionally invalid. *McHenry*, 447 F.2d at 470. Relying upon *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), this court held that McHenry's felony conviction was invalid due to infringement of federal rights and that consequently his subsequent conviction as a felon in possession of a firearm was invalid as well. *Id.* at 471. We distinguished *Liles* by concluding that the prior felony conviction in that case was invalid for evidentiary reasons and, further, that the issues in the

*Liles* case were limited to questions of congressional intent and statutory interpretation rather than constitutional considerations.

In several subsequent cases, we relied on *McHenry* to hold that prior felony convictions obtained in violation of federal constitutional rights may not be used to establish a federal firearms violation. In 1976, we extended the *McHenry* holding to violations of federal firearms statutes. *United States v. Pricepaul*, 540 F.2d 417 (9th Cir. 1976) (state felony conviction obtained in violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), cannot be used to establish federal firearms violations under 18 U.S.C. §§ 922, App.1202); *see United States v. O'Neal*, 545 F.2d 85 (9th Cir.1976) (felony conviction obtained in violation of right to counsel cannot be used to establish federal firearms violation); *see also United States v. Herrell*, 588 F.2d 711 (9th Cir.1978), *cert. denied*, 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979) (successful challenge to a prior felony on statutory rather than constitutional grounds no defense to a federal firearms prosecution).

The district court in this case cited to *United States v. McWilliams*, 730 F.2d 1218 (9th Cir.1984) (Norris J., concurring), for the proposition that the Ninth Circuit's law in the 1970's was consistent with *Lewis*. See *Bagley*, 659 F.Supp. at 229. However, the language upon which the district court relied appears only in a concurring opinion and was contradicted by a majority of the panel. Further, the United States Supreme Court, in both its majority and dissenting opinions in *Lewis*, viewed the law of the Ninth Circuit as inconsistent with the *Lewis* result. See 445 U.S. at 58 n. 4, 100 S.Ct. at 917 n. 4 (majority opinion, noting the conflict among the Courts of Appeals and citing the cases upon which Bagley relies—*O'Neal, Pricepaul,* and *Herrell*); *id.* at 68 and n. 1, 100 S.Ct. at 922 and n. 1 (dissent, observing that the Court's decision was contrary to every Court of Appeals addressing the issue except the Fourth Circuit).

The district court characterized as "erroneous" the distinctions that *McHenry* and successive cases drew from *Liles*. 659 F.Supp. at 227. But neither the district court, nor this panel for that matter, is in a position to impose its view upon the applicable circuit law in this case. This court has consistently followed the position announced in *McHenry*. The pre-*Lewis* law in this circuit permitted defendants collaterally to attack, on constitutional grounds, prior convictions that served as predicates for firearms violations. Therefore, under prevailing Ninth Circuit law before *Lewis*, the vacation of Bagley's 1978 felony conviction for *Brady* error requires us to order the district court to vacate his sections 922(h) and 1202(a) firearms convictions.

## REMAINING ISSUES

Our vacation of Bagley's sections 1202(a) and 922(h) convictions still leaves one count of his 1979 firearms convictions—dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1). This violation is not predicated upon a prior felony conviction, and so is not vacated with the other convictions.

Bagley argues that we should vacate his remaining firearms conviction because the invalid felony conviction prevented him from testifying on his own behalf at his later trial for firearms violations. However, Bagley did not attempt to take the stand during his trial, so his assertion is speculative. To preserve an issue for review requires an offer of proof and the making of a record. *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir.1979) (en banc), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980).

Bagley relies upon *New Jersey v. Portash*, 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979). However, the *Portash* holding was a narrow one that is not relevant to this case. In *Portash*, the Court merely held that federal law did not prohibit New Jersey from permitting a defendant to raise a constitutional claim in state court without taking the witness stand. The Court stated, in a narrow ruling, that "federal law does not insist that New Jersey

was wrong in not requiring Portash to take the witness stand in order to raise his constitutional claim." *Id.* at 456, 99 S.Ct. at 1295.

A later Supreme Court decision supports the conclusion that *Portash*'s holding was not based upon federal constitutional principles. *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). In *Luce,* a federal prosecution, the trial court denied the defendant's motion *in limine* to preclude the Government from impeaching him with a prior state conviction if he testified. The defendant did not testify and was found guilty. On appeal, Luce relied upon *Portash* and argued that the court had abused its discretion in denying his motion. The Supreme Court found Luce's claim too speculative, and specifically held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." 469 U.S. at 43, 105 S.Ct. at 464.

Thus, Bagley's claim that he did not testify at his firearms trial because the Government could have impeached him with his narcotics conviction fails to state grounds upon which relief can be granted. A defendant must claim the right to testify by attempting to take the stand, or this right is waived.

■ Bagley alternatively and correctly contends that because the district court relied upon the invalid narcotics conviction to enhance his firearms sentence, he is entitled to resentencing. When a constitutionally invalid conviction is used to enhance punishment for another offense, the individual is entitled to have the trial court reconsider the sentence. *United States v. Tucker,* 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972); *United States v. Williams,* 782 F.2d 1462, 1466 (9th Cir. 1985). The magistrate found that the transcript of the firearms sentencing proceeding indicated that the court "relied extensively" on Bagley's felony conviction when sentencing him, and that it appeared that the court enhanced Bagley's firearms sentence because of the felony conviction. The Government does not challenge this finding which is fully supported in the record. Bagley is therefore entitled to resentencing.

■ Bagley then asserts that a different judge should resentence him.

Ordinarily resentencing would be by the same district judge. This circuit recognizes, however, that in "unusual circumstances" resentencing before a different judge may be necessary. (Citation omitted).... [We have articulated] three factors to consider in deciding whether resentencing by a new judge is appropriate: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *United States v. Alverson,* 666 F.2d 341, 349 (9th Cir.1982), *quoting United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir. 1979).

In support of his request for resentencing by another judge, Bagley's argument amounts to no more than a contention that the judge acted upon the state of Bagley's criminal record at that time. No unusual circumstances appear that would mandate that a different judge resentence Bagley.

## CONCLUSION

Bagley's invalid 1978 narcotics conviction cannot serve as the predicate felony for his firearms convictions under Ninth Circuit law prior to 1980. Therefore, we order the district court to vacate the sections 1202(a) and 922(h) firearms convictions.

The one remaining firearms conviction under section 922(a)(1), which did not require a predicate felony conviction, must stand and is not susceptible to challenge because of a threat of improper impeachment. By failing to take the stand, Bagley waived the right to testify. However, since it appears that the district court re-

lied on the invalid felony conviction in enhancing Bagley's sentence for the section 922(a)(1) firearms violation, we remand the matter to the original judge for resentencing.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.