983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles McKay PULLIN, Defendant-Appellant.
 No. 91-50311.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Dec. 31, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Pullin appeals his jury conviction for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (1988) and his sentence under the Sentencing Guidelines.
 
 
 3
 We affirm.
 
 I. SUFFICIENCY OF THE EVIDENCE
 
 4
 Pullin contends that there was insufficient evidence to sustain a finding that he was the person who robbed the bank because there were no definitive identifications of him as the robber. The Government presented convincing evidence that Pullin was the robber and that there was proper identification of him.
 
 
 5
 The record contains sufficient evidence for a rational trier of fact to have concluded Pullin was the robber. See United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (there is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (quoting, Jackson v. Virginia, 443 U.S. 307, 319 (1979))).
 
 II. VIOLATION OF SIXTH AMENDMENT
 
 6
 Pullin also asserts that he was denied his right to confrontation because the district court limited his examination of Special Agent George Schroder of the Federal Bureau of Investigation.
 
 
 7
 The Confrontation Clause (1) insures that the witness will give statements under oath; (2) forces a witness to submit to cross-examination; and (3) permits the jury to observe the demeanor of the witness in making statements. California v. Green, 399 U.S. 149, 158 (1970). "A Confrontation Clause violation does not require reversal if the error was harmless beyond a reasonable doubt." Toolate v. Borg, 828 F.2d 571, 575 (9th Cir.1987).
 
 
 8
 Special Agent Schroder was not a witness for the government's case-in-chief. In fact, Schroder had no personal knowledge of any of the events which occurred. His sole participation was to write up the case based upon the reports given to him by the police officers involved. To the extent that Pullin was attempting to impeach Schroder, Pullin's confrontation rights simply were not implicated because Schroder was not a witness against him.
 
 
 9
 Pullin argues on appeal that he was attempting to impeach the police officers through contradictory statements given to Schroder. Although Pullin had a right to impeach the officers in this manner, he did not proffer to the court his intention to do so. Nor was it apparent from the context of his questions that this was his intention. On the contrary, it appeared to the court that Pullin was attempting to elicit Schroder's opinion concerning the significance of the physical evidence, and the court rightly precluded such questions as irrelevant. Federal Rule of Evidence 103(a)(2) requires that, in order to preserve an alleged error for appellate review, the substance of the excluded evidence must be made known to the court if it is not apparent from the context of the questioning. Thus, assuming that Pullin's confrontation rights were implicated by his attempt to impeach the police officers through agent Schroder, Rule 103(a)(2) precludes our consideration of this contention.
 
 III. CAREER OFFENDER
 
 10
 Lastly, Pullin contends that he was improperly sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Pullin argues that the district court erred in failing to hold an evidentiary hearing to determine the voluntariness of his prior guilty pleas.
 
 
 11
 Generally, a defendant's declaration and a silent record would require the district court to hold an evidentiary hearing to determine if a guilty plea was "voluntary and intelligent, in accordance with federal standards." United States v. Goodheim (Goodheim 1), 651 F.2d 1294, 1299 (9th Cir.1981). In the present case, the district court accepted information on the practices of the Assistant United States Attorney's Office, the Federal Public Defender's Office, and the District Attorney's Office in determining whether Pullin was aware of his rights, and voluntarily pled guilty. The district court may consider evidence of procedures when the prior conviction is old and the record silent. United States v. Goodheim (Goodheim 2), 686 F.2d 776, 777 (9th Cir.1982). In addition, the district court found Pullin's declaration "inherently incredible" and "absurd." Furthermore, Pullin conceded that no additional information would have been offered in an evidentiary hearing.
 
 
 12
 The practices of the attorneys involved in the sentencing process would have insured that Pullin's pleas were knowing and voluntary. This is all that is required.
 
 
 13
 Any error on the part of the district court in not holding an evidentiary hearing was harmless as the district court had before it the same evidence it would have obtained at an evidentiary hearing. That evidence supports the district court's decision. See Goodheim 2, 686 F.2d at 777.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3