**UNITED STATES of America, Plaintiff,**

v.

**Kevin James SHERBONDY, Defendant.**

**No. CR86–1075–HLH.**

United States District Court,
C.D. California.

Jan. 29, 1987.

Kendra S. McNally, Asst. U.S. Atty., Deputy Chief, Major Crimes Section, Los Angeles, Cal., for the U.S.

Paul Horgan, Horgan & Yzurdiaga, Gardena, Cal., for defendant Sherbondy.

## ORDER DENYING MOTION TO STRIKE

HUPP, District Judge.

In this criminal proceeding, the defendant, Kevin James Sherbondy, is charged with a violation of 18 U.S.C. § 922(g)(1), charging possession of a firearm following conviction of a felony, commonly known in slang terminology as "ex-con with a gun." The indictment also invokes the provisions of 18 U.S.C. § 924(e)(1), which provides for a minimum of a fifteen-year federal penitentiary sentence, without probation or parole, for a defendant convicted under § 922(g)(1) who has three prior "violent felony" convictions.

The indictment alleges that Sherbondy has three prior convictions, two of which are for robbery and which are not at issue on this motion. The third alleged prior conviction is for a violation of California Penal Code § 136.1(c)(1), a section which makes it a felony under California law to prevent or dissuade a victim or witness from testifying in a trial:

> "Where the act is accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person or the property of any victim, witness, or any third person."

Defendant seeks to strike the allegation of the third felony on the ground that the said felony may involve, so far as the statute is concerned, a threat of force upon

property, which, it is argued, would not suffice to meet the definition of a "violent felony" within the meaning of § 924(e)(1). It is further argued on behalf of the defendant that the Court may not look at the factual circumstances of the conviction to determine whether the state conviction for violation of § 136.1(c)(1) was in fact for threatening violence to a person, on the one hand, or property, on the other hand.

Thus, questions are posed at two levels: (1) whether the crime charged comes within the definition of a "violent felony" under § 924(e)(1); and (2) if it may or may not come within that section depending on the facts underlying the prior state conviction, whether the Court may go beyond the text of the state statute to determine the nature of the conviction.

Section 924(e)(1) was amended by Congress twice during the 1986 Session. The first version, becoming effective on November 15, 1986 (two days before the offense charged in the indictment), provided for the enhancement sentencing provision by referring to convictions for "robbery or burglary, or both." However, before the section became effective, it was further amended to provide for enhancement for three convictions of a "violent felony or a serious drug offense, or both." Congress also adopted a definition of "violent felony" in new § 924(e)(2)(B) as follows:

> "(B) The term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another."

Thus, under the new section, a predicate offense may either have as an element the use of physical force against another, or, be a property crime that "involves conduct that presents a serious potential risk of physical injury to another," exemplified in the statute by burglary, arson, or extortion.

It is immediately apparent that the mere reference to California Penal Code § 136.-1(c)(1) does not reveal on the face of the section alone whether or not a conviction under it would qualify as a predicate offense. Clearly, if the predicate offense involved an "express or implied threat of force or violence upon a witness or victim," then a conviction of 136.1(c)(1) would fall within the definition under (B)(i) as involving "the threatened use of physical force against the person of another." On the other hand, if the conviction under Penal Code § 136.1(c)(1) involves a threat of violence to the property of a victim, witness, etc., then the conduct may or may not, depending on its nature, fall under the terms of (B)(ii). Whether it would or would not violate that section depends on whether the conduct involved "presents a serious potential risk of physical injury to another" in the nature of burglary, arson, or extortion. For example, if the threat to property was a threat to use dynamite to blow up a car, a "serious potential risk of physical injury to another" is clearly present. On the other hand, if the threatened conduct is to spray paint the word "snitch" on the wall of the house of a potential witness to a traffic infraction, then it would be difficult to say that "a serious potential risk of physical injury to another" is present.

The U.S. Attorney argues that because § 136.1(c)(1) has "an" element threatening physical force against another, that is all that is needed. The Court rejects this argument. Such an interpretation could potentially expand the use of § 924(e)(1) far beyond Congress' intention.

The Government also postulates that a threat to the property of another necessarily qualifies as a "violent felony" and, therefore, it does not matter whether the conviction falls under subsection (B)(i) or (B)(ii). The Court disagrees for the reasons set forth above. Congress specifically limited property-type felonies to those which "involves conduct that presents a serious potential risk of physical injury to another." Thus, it must be taken that Congress intended the severe enhancements

involved in § 924(e)(1) to apply only in such a situation. Since a conviction of § 136.1(c)(1) could possibly not involve the type of conduct specified by Congress, it cannot be said that the mere fact of the conviction alone qualifies.

This discussion leads to the third and decisive question: Whether the Government may introduce evidence going beyond the fact of conviction of § 136.1(c)(1) to show that the predicate offense does in fact fall within the enhancement provisions of 924(e)(1). The Court is convinced that the Government may do so.

Defendant Sherbondy cites respectable California state authority apparently showing that going behind the statute to determine the facts upon which the conviction was based would not be allowed in the state system. (*In re Finley* (1968) 68 Cal.2d 389, 393, 66 Cal.Rptr. 733, 438 P.2d 381; *People v. Crowson* (1983) 33 Cal.3d 623, 632–634, 190 Cal.Rptr. 165, 660 P.2d 389.)

The Court thinks that the reasoning behind those cases is not applicable here. The matter is clearly to be considered by determination of the intent of Congress. (*United States v. Pricepaul* (9th Cir.1976) 540 F.2d 417, 424.) In looking for congressional intent, it is noted that the property crime definition in 924(e)(1)(B)(ii) has the general phrase "or otherwise involves conduct that presents...." Thus, the emphasis is on conduct, which implies an examination of the facts rather than the mere Penal Code citation. The report of the Judiciary Committee also leads to a similar implication. *See* Report 99–849 to accompany H.R. 4885, ordered to be printed September 19, 1986. On page 3 of the House Committee Report, there is found the following discussion:

> "The other major question involved in these hearings was as to what violent felonies involving physical force against *property* should be included in the definition of 'violent' felony. The Subcommittee agreed to add the crimes punishable for a term exceeding one year that involve conduct that presents a serious potential risk of physical injury to others. This will add State and Federal crimes against property such as burglary, arson, extortion, use of explosives and similar crimes as predicate offenses where the conduct involved presents a serious risk of injury to a person. It is the Committee's belief that this will improve the armed career criminal concept while at the same time preserve a strong concept of Federalism as well as an appreciation for the relative law enforcement resources available at the State and Federal levels." [Emphasis in original.]

The Court notes the Judiciary Committee's emphasis on whether "the conduct involved presents a serious risk of injury to a person." The Court determines that it is the congressional intent that, where necessary, a predicate state felony may be examined to determine what the facts behind the conviction are, if necessary to determine whether the conduct "presents a serious risk of injury to a person." In addition, the Third Circuit, in *United States v. DiPasquale* (3d Cir.1982) 677 F.2d 355, 359, stated that the court assumed, without deciding, in a RICO context, that extrinsic evidence was admissible to prove that an ambiguous state court judgment constituted a predicate felony conviction for purposes of RICO.

Accordingly, the Court will allow the Government to offer extrinsic evidence as to the nature of the underlying offense. The Government asserts that it has evidence (a *Tahl-Boykin* statement of the factual basis for a plea) which will substantiate a claim that the third alleged felony in fact involved a threat of force against a person of another, and therefore comes under § 924(e)(1)(B)(i).

The motion to strike is denied.

IT IS SO ORDERED.