990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel J. SILVA, Petitioner-Appellant,
v.
Eddie MYERS, Warden, Respondent-Appellee.
 No. 92-16764.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel J. Silva, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Silva pleaded guilty to three counts of oral copulation with a child under age fourteen, one count of forcible lewd and lascivious acts on a child under age fourteen, one count of forcible genital penetration with a foreign object, and one count of rape. He claimed in his habeas petition, and contends on appeal, that he received ineffective assistance of counsel because his counsel failed to obtain the certificate of probable cause necessary to proceed on appeal. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Cochrane, No. 92-50200, slip op. 1171, 1175 (9th Cir. Feb. 16, 1993). To show prejudice, a defendant must show a reasonable probability that the result would have been different but for the counsel's errors. Strickland, 466 U.S. at 694; Cochrane, slip op. at 1175. In addition, the result of the proceeding must be "fundamentally unfair or unreliable." Lockhart v. Fretwell, 61 U.S.L.W. 4155, 4157 (U.S. Jan. 25, 1993).
 
 
 4
 * Deficient Performance
 
 
 5
 Silva contends that his counsel's failure to obtain the necessary certificate of probable to proceed on appeal constituted deficient performance. We agree.
 
 
 6
 Cal.Penal Code § 1237.5 provides that a defendant must obtain a certificate of probable cause from the trial court by filing a written statement "showing reasonable, constitutional, or jurisdictional, or other grounds going to the legality of the proceedings" in order to take an appeal from a judgment of conviction following a guilty plea. Cal.Penal Code § 1237.5 (Deering 1982). The California Supreme Court has held that when a defendant requests his counsel to file an appeal of a conviction following a guilty plea, "the attorney must file the 1237.5 statement, instruct defendant how to file it, or secure other counsel for him." People v. Ribero, 480 P.2d 308, 315 (1971).
 
 
 7
 Here, Silva requested his appointed counsel to file the necessary papers for an appeal. His counsel filed a notice of appeal but did not file a Cal.Penal Code § 1237.5 statement to obtain a certificate of probable cause. The California Court of Appeal denied the Silva's appeal due to the failure to obtain a certificate of probable cause. Because Silva's counsel had a duty to file a 1237.5 statement to obtain a certificate of probable cause, Silva's counsel's performance was deficient. See Strickland, 466 U.S. at 687; Cochrane, slip op. at 1175; Ribero, 480 P.2d at 315.
 
 II
 Prejudice
 
 8
 Silva contends that his counsel's deficient performance prejudiced him. He argues that a reasonable probability exists that the California Court of Appeal would have allowed him to withdraw his plea on appeal due to the inadequate advisement of rights at the change of plea hearing. This argument lacks merit.
 
 
 9
 A plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 747-48 (1970); People v. Howard, 824 P.2d 1315, 1339 (despite errors in articulation and waiver of rights, plea set aside only if no record that it was voluntary and intelligent), cert. denied, 113 S.Ct. 383 (1992). A silent record shifts the burden to the government to prove that waiver of rights was voluntarily and intelligently made. United States v. Pricepaul, 540 F.2d 417, 423 (1976).
 
 
 10
 Here, Silva pleaded guilty pursuant to a plea agreement with the government that Silva would be sentenced to not more than 48 years' imprisonment and with a referral to probation. At the change of plea hearing, the magistrate judge advised Silva that he would be "giving up certain rights" by pleading guilty but did not determine whether Silva understood his rights or ask him whether he wished to waive those rights. Under the totality of circumstances, the record does not affirmatively show that Silva's plea was voluntary and intelligent. See Brady, 397 U.S. at 747-48 (1970); Howard, 824 P.2d at 1339. Further, the government has not met its burden of proving otherwise. See Pricepaul, 540 F.2d at 423.
 
 
 11
 The Superior Court judge at sentencing, however, remedied this defect by offering Silva an opportunity to withdraw his guilty plea and creating a record that sufficiently establishes that Silva's plea was knowing and voluntary.[1] The Superior Court judge advised Silva of his right to a preliminary hearing, right to jury trial, right to present and subpoena evidence, right to confront accusers, and right to privilege against self-incrimination. Also, unlike the magistrate judge, the Superior Court judge determined that Silva understood and wished to waive these rights. After hearing specific articulation of his rights and learning of his ineligibility for probation, Silva chose to proceed and his counsel did not object but stated that sentencing should proceed. Accordingly, the record from Silva's appearance before the Superior Court judge affirmatively shows that Silva's plea was voluntary and intelligent under a totality of the circumstances. See Brady, 397 U.S. at 747-48; Howard, 824 P.2d at 1339.
 
 
 12
 Although his counsel's performance was deficient in not obtaining a certificate of probable cause for Silva's appeal, we hold that no reasonable probability exists that Silva would have prevailed in his appeal. Strickland, 466 U.S. at 694; Cochrane, slip op. at 1175. The result of the proceeding was not "fundamentally unfair or unreliable." Lockhart, 61 U.S.L.W. at 4157. We therefore hold that Silva did not receive ineffective assistance of counsel.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Myers' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Silva claims that the Superior Court judge did not offer him an opportunity to withdraw his guilty plea. However, the record indicates that Silva had the opportunity to stop the sentencing proceeding and reconsider his plea:
 COURT: Mr. Silva, you remember last time that I indicated that you would not be eligible for probation and the judge below had not told you that. The deputy district attorney has reservations about other things that perhaps you weren't advised of by the judge below, so I'm going to go through those and explain them to you. As far as the original Complaint is concerned, you have and still do have, if you so desire, certain rights.... [advisement of right to a preliminary hearing, right to jury trial, right to present and subpoena evidence, right to confront accusers, and right to privilege against self-incrimination] Do you understand what your rights are, Mr. Silva?
 SILVA: Yes, I do.
 COURT: All right. And, Mr. Silva, with those rights in mind, do you want to proceed with the sentencing today?
 SILVA: Yes, I guess so.
 COURT: All right....[advisement that sentencing could be consecutive and that Silva could be subject to deportation if convicted and not a citizen] Mr. Silva with all these things in mind, you want to go ahead today?
 SILVA: Yes.
 COURT: Is there any legal cause then, Mr. Gray [Silva's counsel], why sentence and judgment should not now be pronounced?
 GRAY: No, your Honor.