UNITED STATES of America,
Plaintiff—Appellee,

v.

Adam J. CREIGHTON, Defendant—
Appellant.

No. 01–30167.
D.C. No. CR–00–05247–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2002.*

Decided Dec. 2, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before FERGUSON, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Adam J. Creighton ("Creighton") appeals his guilty plea conviction and sentence for one count of manufacturing marijuana (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)) and one count of conspiracy to engage in money laundering (18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(h)). On appeal, Creighton asserts that (1) his counsel at the time of his plea was constitutionally ineffective, (2) the District Court erred in denying his motion to withdraw his plea, (3) the District Court erred in denying his motion for a continuance of his sentencing hearing and sentencing him in the absence of an evidentiary hearing to resolve disputed issues of fact, (4) the District Court erred in making its findings regarding his sentencing adjustments and the sum to be forfeited under the criminal forfeiture order, and (5) the forfeiture order lacked sufficient evidentiary support. Finally, he asserts that,

if remanded, his case should be assigned to a different district judge.

This Court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Because the parties are familiar with the facts and procedural history, they are not repeated here except as necessary. For the reasons articulated below, we **AFFIRM** in part and **REMAND** in part.

## A. Ineffective Assistance of Counsel

Creighton asserts that he was denied effective assistance of counsel by his original counsel's failure to adequately advise him of the sentencing consequences of his plea. Creighton does not meet either of the exceptions allowing for review of an ineffective assistance of counsel claim on direct appeal. *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992). We therefore defer this issue to collateral proceedings.

## B. Motion to Withdraw Guilty Plea

Creighton contends that the District Court erred when it denied his motion to withdraw his plea. In general, we review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Signori*, 844 F.2d 635, 637 (9th Cir.1988). The burden is on the defendant to demonstrate that there is a "fair and just reason" for withdrawal. *United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir.1987). In the instant case, it is unclear if the District Court applied the proper legal standard because it denied Creighton's motion with almost no comment. When a District Court denies a suppression motion without comment, we uphold the denial of the motion if "a reasonable view of the evidence would sustain it." *United States v. Harrington*, 636 F.2d

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1182, 1185 (9th Cir.1980). We apply the same standard here.

■ Creighton alleges that the District Court should have allowed him to withdraw his plea either because his counsel was constitutionally ineffective, the government breached the plea agreement, or the plea agreement lacked consideration.[1] None of these arguments have merit. First, Creighton's contention that his plea was not intelligent is directly contradicted by both the plea agreement and the statements he made at the plea allocution. In addition, we have repeatedly held that "an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea." *United States v. Michlin,* 34 F.3d 896, 899 (9th Cir.1994) (citations omitted); *United States v. Garcia,* 909 F.2d 1346, 1348 (9th Cir.1990). Second, while the government "is to be held to the literal terms of the plea agreement and ordinarily must bear responsibility for any lack of clarity," *United States v. Anderson,* 970 F.2d 602, 607 (9th Cir.1992) (internal citations omitted) (amended opinion at 990 F.2d 1163), here the literal terms of the plea agreement were met, as the forfeiture determination was held before sentencing and the plea agreement did not contain any promises as to how such a determination would be conducted or resolved. Third, a reasonable view of the evidence does not lead to the conclusion that Creighton received no consideration for entering into the plea agreement, as, among other things, the government agreed that it would drop the other charges against Creighton and would not pursue any additional charges. *Cf. United States v. De la Fuente,* 8 F.3d 1333, 1339 (9th Cir.1993). In short, a rea-

sonable view of the evidence presented regarding Creighton's motion to withdraw his plea would sustain the District Court's denial of his motion.

## C. Refusal to Grant Continuance or Hold Evidentiary Hearing Prior to Sentencing

Creighton asserts that the District Court erred in rejecting his requests for a continuance and an evidentiary hearing prior to sentencing. We review both a district court's denial of a motion for continuance and its decision not to hold an evidentiary hearing on contested sentencing issues for abuse of discretion. *United States v. Sarno,* 73 F.3d 1470, 1502–03 (9th Cir.1995); *United States v. Gonzalez–Sandoval,* 894 F.2d 1043, 1051 (9th Cir.1990).

■ In granting continuances,

a district court must balance 1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties; 2) whether other continuances have been granted; 3) whether legitimate reasons exist for the delay; 4) whether the delay is the defendant's fault; and 5) whether a denial would prejudice the defendant.

*United States v. Fowlie,* 24 F.3d 1059, 1069 (9th Cir.1994). In the instant case, the District Court granted two continuances, rescheduled sentencing twice, and provided repeated and ample notice that sentencing was scheduled for the date in question. There was no legitimate excuse for the delay and Creighton had four months between his plea and sentencing to arrange his finances. Thus, it was not an

---

1. Creighton also asserts for the first time on appeal that the plea was inadequate because it did not contain a factual admission to one of the essential elements of money laundering. In general, issues not presented to the trial court cannot be raised on appeal, although there are a few limited exceptions. *United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991). None of the exceptions apply here.

abuse of discretion for the District Court to refuse to grant the continuance.

■ With regard to the evidentiary hearing, Federal Rule of Criminal Procedure 32 requires that the district court make findings on unresolved factual disputes and objections, and allow defense counsel " 'an opportunity to comment ... on matters relating to the appropriate sentence.' " *United States v. Stein*, 127 F.3d 777, 780 (9th Cir.1997) (quoting Fed. R.Crim.P. 32). However, so long as a district court allows the defendant to rebut a Presentence Report ("PSR")'s recommendation and allegations, either orally or through submission of papers, Rule 32 does not mandate an evidentiary hearing. *See Stein*, 127 F.3d at 780–81; *Sarno*, 73 F.3d at 1502–03. In the instant case, the District Court provided ample opportunity for Creighton to rebut or dispute the PSR. Therefore, the failure to allow an evidentiary hearing was not an abuse of discretion.

## D. District Court Sentencing Findings

Creighton contends that the District Court erred in finding that he was an organizer or leader of criminal activity involving five or more people, that he was not eligible for a downward adjustment for acceptance of responsibility, and that the money laundering offense involved funds in the amount of $374,048. Specifically, Creighton asserts that the District Court did not comply with the requirements of Rule 32, requiring explicit factual findings on disputed sentencing issues, and erred in accepting the government's calculation of the forfeiture amount. We review a district court's legal interpretation of the sentencing guidelines *de novo*. *United States v. Newland*, 116 F.3d 400, 402 (9th Cir. 1997). We also review *de novo* a district court's compliance with Rule 32. *See United States v. Standard*, 207 F.3d 1136, 1140 (9th Cir.2000).

### a. Finding that Creighton was an "organizer or leader" of the money laundering conspiracy

In general, a district court is not required to make specific findings of fact on the record in order to support an aggravating role adjustment. *United States v. Govan*, 152 F.3d 1088, 1096 (9th Cir.1998). However, in cases in which the parties dispute a fact upon which the district court intends to rely in sentencing, the district court must either "make an explicit factual finding that resolves the dispute" or "clearly state that the disputed fact was not taken into account in finding the enhancement appropriate." *United States v. Carter*, 219 F.3d 863, 867 (9th Cir.2000). Even when it is clear from the record that the district court did not find an argument credible, the district court must provide an "explicit resolution" of the disputed issues. *Id.* at 868.

■ In determining that Creighton qualified for an aggravating role adjustment, the District Court stated only that "the more credible evidence supports the probation report." The Court did not specifically address any of Creighton's factual disputes with the PSR, nor did it address Creighton's contention that, at most, he was eligible for a lesser role enhancement instead of the full four-point penalty. In short, the Court did not make explicit findings resolving each of the disputed issues and thus failed to comply with Rule 32. Therefore the sentence is vacated and the case REMANDED for further proceedings on this issue.

### b. Finding that Creighton did not qualify for a downward adjustment in sentencing for acceptance of responsibility

Section 3E1.1(a) of the Sentencing Guidelines requires a two-level downward

adjustment for a defendant who "clearly demonstrates acceptance of responsibility for his offense." U.S. SENTENCING GUIDE-LINES MANUAL § 3E1.1(a) (2001). In describing when a defendant is eligible for this adjustment, the Sentencing Commentary notes that while a defendant is not required to affirmatively admit "relevant conduct" other than the convicted offense, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.* § 3E1.1, cmt. n. 1(a). As with the aggravating role adjustment, the District Court is required to articulate its reasons for denying a requested downward adjustment in cases where there are disputed issues of fact. *United States v. Herrera–Rojas*, 243 F.3d 1139, 1142–43 (9th Cir.2001).

█ In the instant case, the District Court erred when it accepted the PSR's findings as the sole basis for its denial of Creighton's acceptance of responsibility request, both because it failed to resolve disputed issues of fact, and because the PSR's recommendation was based on an incorrect interpretation of the Guidelines. First, although Creighton explicitly contested both his participation in the relevant conduct and the PSR's conclusion that his denial of his role in the alleged offenses justified a refusal to grant him the adjustment, the District Court responded by adopting the PSR without making any finding as to whether the Court determined the relevant conduct to be true or the denial of involvement to be false or frivolous. Moreover, in making its recommendation, the PSR did not find Creighton to be "falsely deny[ing] or frivolously contest[ing]" such conduct. The PSR's recommendation is based on an incorrect understanding of the Guidelines and is therefore an impermissible ground,

standing alone, for the District Court's decision. *See United States v. Chavez–Gutierrez*, 961 F.2d 1476, 1480–81 (9th Cir. 1992). For both of these reasons, we RE-MAND the case for further findings on this issue.

**c. Finding that the dollar amount of money laundering proceeds was $374,048.**

Creighton asserts that the District Court erred in accepting the government's calculation of the total amount involved in the money laundering transaction. Creighton also argues that the government failed to meet its burden of proof because the hearsay testimony of the government's witnesses lacked sufficient indicia of reliability. We review a district court's interpretation of federal forfeiture law *de novo*. *United States v. 25445 Via Dona Christa*, 138 F.3d 403, 407 (9th Cir.1998) (amended opinion at 170 F.3d 1161). We review a district court's findings of facts for clear error. *United States v. Johnson*, 132 F.3d 1279, 1285 (9th Cir.1997). A district court's determination that evidence is sufficiently reliable to be considered at sentencing is reviewed for abuse of discretion. *See United States v. Casterline*, 103 F.3d 76, 80 (9th Cir.1996), *cert. denied*, 522 U.S. 835, 118 S.Ct. 106, 139 L.Ed.2d 60 (1997).

The relevant criminal forfeiture statute provides that persons convicted of designated offenses under the Drug Abuse Prevention and Control Act must forfeit "(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and] (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a)(1) & (2) (2000). There is a rebuttable presumption that any property in the convicted person's possession is subject to

forfeiture if the government establishes that "(1) such property was acquired by such person during the period of the violation ... or within a reasonable time after such period; and (2) there was no likely source for such property other than the violation." *Id.* § 853(d). Additionally, property may be subject to forfeiture in its entirety even if only a portion of it was used for illicit purposes. *See United States v. Littlefield,* 821 F.2d 1365, 1367 (9th Cir.1987).

In light of the statutory presumption in favor of forfeiture, the factual admissions in the plea agreement, and the government witnesses' testimony, the government in the instant case sufficiently established that a significant portion of the property subject to forfeiture was used for illicit purposes. *Id.* at 1367. While portions of the government witnesses' testimony was based on hearsay, hearsay evidence is permissible at sentencing and does not, *per se,* lack sufficient indicia of reliability. *See United States v. Alonso,* 48 F.3d 1536, 1545–46 (9th Cir.1995). The District Court was within its discretion to admit this evidence. *Casterline,* 103 F.3d at 80. The District Court's finding as to the forfeiture amount was not in clear error.[2]

**E. Remand to a Different Judge**

Creighton contends that his case should be assigned to a different judge on remand because, in his view, the District Court judge "may be unable to set aside its view of the evidence." In the instant case, however, the basis for our remand the District Court's failure to explicitly resolve the disputed sentencing issues does not raise concerns regarding the "appearance of justice." *United States v. Bagley,* 837 F.2d

371, 376 (9th Cir.1988). Moreover, remand to another judge would create wasteful or duplicative proceedings. *Id.* Creighton's request for remand to a different judge is therefore denied.

The District Court's judgment is **AFFIRMED** with the exception of the sentencing findings regarding Creighton's role in the offense and acceptance of responsibility, which are **REMANDED** for further proceedings consistent with this opinion. Creighton's sentence is **VACATED.**

**AFFIRMED IN PART, REMANDED IN PART AND VACATED.**

---

**2.** Creighton's final contention is that, presuming there is insufficient evidence to support the District Court's finding regarding the forfeiture amount, there is also insufficient evidence to support the judgment. In view of our holding above, this claim is without merit.